DIGGS (GUSTY v.). See Case No. 5,878.

DIGNUM (PHOEBE, The, v.). See Case No. 11,110.

## Case No. 3,906.

### DIKE et al. v. HOWE.

**[4 Cliff. 132.]** [1]

Circuit Court, D. Massachusetts. May Term, 1870.

INTERNAL REVENUE TAX—BOOTS AND SHOES—REMOVAL "FOR DELIVERY" — AGENTS OF MANUFACTURER.

1. In June and July, 1866, the plaintiffs received orders for certain cases of boots and shoes, and manufactured the same prior to the passage of the act of July 13. 1866 [14 Stat. 128, 132], which went into operation August 1, following. This act reduced the rate of internal revenue duties on these articles from twenty-five to two per cent. The orders were accepted. and the goods sent forward prior to the passage of the amendatory act. When the orders were given and accepted, it was expected that the duties would be reduced. It was agreed, between the parties to the sales, that the purchase and sale of the goods should not take effect until August 1, next succeeding the acceptance of the orders and the forwarding of the goods. It was also agreed that the persons to whom the goods were sent should store the same for the plaintiffs until August 1, the goods to remain at the risk of the plaintiffs, but without any charge for storage. and that the bargainers should have the benefit of the reduction in the rate of duties, if any was made within that period. After the goods were sent. the parties to whom they were sent gave storehouse receipts. Freight was paid by the parties to whom the goods were sent. *Held*, the goods were subject to the rate of duty required by law prior to the passage of the act of July 13, 1866.

[1] [Reported by Robert D. Benedict, Esq.. and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

2. Removal for delivery to others than the agents of the manufacturer or producer, renders the manufacturer or producer liable for the tax provided by section 30 of the act of June 30, 1864 [13 Stat. 264, 269].

3. The persons to whom the goods were sent, in this case, were not the agents of the manufacturer or producer, as intended by the section of the act referred to in the preceding note.

[This was a bill by Lyman Dike and others against Church Howe.]

Manufacturers of boots and shoes were, with certain exceptions, required by section 24 of the act of June 30, 1864, to pay a duty of five per cent. ad valorem upon the articles "produced or manufactured," if the same were produced or sold, or if manufactured or made and sold, or if consumed or used by the manufacturer or producer, or if removed for consumption or for delivery, within the United States, to others than agents of the manufacturer or producer. 13 Stat. 264, 269. Provision was also made by section 5 of the amendatory act passed March 3, 1865, that "in addition to the duties imposed by the prior act, there should be levied, collected, and paid, upon certain articles enumerated in the prior act, including boots and shoes," an increase of one fifth, or twenty per cent. of the duties or rates of duty now provided in said section, whether ad valorem or specific. Id. 483. Eight hundred and twenty-six cases of boots, of the taxable value of $29,847, were, during the months of June and July, 1866, manufactured by the plaintiffs, at their place of business in the city of Worcester, in this judicial district. By force of the act of July 13, 1866, which went into operation on the first day of the succeeding month, the duty or tax on boots and shoes was reduced to two per cent. ad valorem, to be paid by every person making, manufacturing, or producing for sale boots or shoes, or furnishing the materials thereof, and employing others to make, manufacture, or produce the same. 14 Stat. 128, 132. Orders, oral or written, for the goods in question, were received by the plaintiffs from the several parties mentioned in the record, in the months of June and July, prior to the passage of the aforesaid amendatory act, reducing the rates of internal revenue duties, and they accepted the orders and sent forward the goods before the amendatory act was passed. Expectations were entertained at the time the orders were given and accepted, that the rates of internal revenue duties would be reduced, as a bill to that effect was pending in congress, and in consideration of that fact, it was agreed between the parties that the purchase and sale of the goods should not take effect until August 1st, next succeeding the acceptance of the orders and the forwarding of the goods; and it was subsequently agreed that the persons to whom the goods were sent should store the same for the plaintiffs, at their respective places of business, until that time, the goods to remain at the risk of the plaintiffs, but without any charge for storage; and that the

bargainer should have the benefit of the reduction in the rate of duty, if any was made within that period by the legislation of congress. Pursuant to that arrangement the goods in question were sent, as ordered, to parties resident in Iowa, New York, Massachusetts, Ohio, Wisconsin, and Illinois, as more fully explained in the record. Most or all of the goods so ordered and sent remained on storage until the time agreed, and were then appropriated by the bargainers as their own property, without other delivery or further agreement. Difficulty being apprehended by the plaintiffs in relation to the taxes on the goods, the parties to whom they were forwarded, subsequently, at the request of the plaintiffs, gave them storehouse receipts; but none such were given or required when the goods were forwarded. On the contrary, they forwarded the goods without exacting any promise for their return, and without insurance, and with the express understanding that the freight should be paid by the persons to whom the goods were sent. Under the circumstances, the goods were assessed at six per cent., and the defendant, as the collector for the eighth collection district in this commonwealth, collected the whole amount. The plaintiffs protested, and brought an action of assumpsit to recover back the excess beyond two per cent., insisting that the goods were not taxable under the primary act.

A. Hemenway, for plaintiffs.

J. C. Ropes, Asst. U. S. Atty., for defendant.

CLIFFORD, Circuit Justice. Unless the goods were manufactured and sold prior to the passage of the amendatory act, or were removed for consumption or for delivery to others than agents of the manufacturers antecedent to that time, the plaintiffs are entitled to judgment, as it is clear that the goods were not used or consumed by the manufacturers within the meaning of those words, as employed in the section imposing the higher rate of duty exacted by the defendant. Goods of the kind were taxable under that provision when they were made and sold by the manufacturer, or when they were removed, either for consumption or for delivery to others than agents of the manufacturer, and the defendant contends that his doings in exacting the whole amount of the tax, as assessed, are justified upon each of those grounds, as appears by the language of the section under which the tax was levied and collected. Stated in other words, the propositions of the defendant are as follows: 1. That the evidence shows that the goods were sold when the orders were accepted, and the goods were forwarded at the expense of the persons who gave the orders. 2. That the evidence shows that the goods were removed for consumption when they were forwarded, as the removal was made in pursuance of a contract of sale, to take effect on a given day in the future, especially as the

freight was paid by the persons to whom the goods were sent; and also for the reason that the goods, by the terms of the contract, were not, in any event, to be returned to the custody of the manufacturers. 3. That the evidence shows that the goods were removed for delivery to others than agents of the manufacturers within the meaning of the act of congress under which the duties were assessed and collected. Extended discussion of the first and second propositions is unnecessary, as the court is of the opinion that the defendant must prevail upon the third ground assumed, to wit, that the persons to whom the goods were forwarded were not the agents of the plaintiffs, within the true ·meaning of that word as employed in the section under consideration. Mere depositaries are not agents of the manufacturer or producer, within the meaning of that word as there employed, as is evident from the fact that there may be a removal for delivery to others than agents of the manufacturer or producer; and in that event the language employed shows just as plainly that it was the intention of congress that the manufacturer or producer should pay the tax, as if it had been so declared in express terms.

Removal for delivery to others than agents of the manufacturer or producer renders the manufacturer or producer as clearly liable to the tax, under the language of that provision, as the actual sale or consumption of the article, or the removal of the same for consumption; but the removal of the goods for·delivery to. the commission ·merchant. or other regular selling agent of the manufacturer or producer, creates no such liability, as the intention of congress, .in that event, was that the goods should not·be liable to taxation until they were sold or consumed. Circular No. 34, 2 Int. Rev. Rec. 52; Circular to Manufacturers. Id. 130; Letter, Commissioner to Assessor. Id. 156. Large manufacturing establishments usually employ commission merchants, or other regular selling agents, to dispose of their manufactured products, and it is quite obvious, from the language of the provision. that congress did not intend to forbid or embarrass that agency in the transaction of that kind of business, nor is there any necessity for such legislation. as the intervention of such regular agents in disposing of the manufactured product. is rather a check than a facility to any fraud·upon tHat branch of the public revenue. and does not occasion any embarrassment to the officers entrusted with the execution of the laws providing for the assessment and collection of the internal revenue duties. Manufactured products may be removed for delivery to such agents, without the goods becoming liable to taxation under that provision, any more than they would, if they had remained in the building where the articles were manufactured; but the removal for delivery in this case was made under very different circumstances, and for a very different purpose. as the persons to whom the goods were sent were not the regular agents of the plaintiff, to sell their manufactured products, nor. had they authority in any event to sell the goods in question for the benefit of the manufacturers. Such a theory finds no support in the evidence, as the persons who gave the orders received the goods, if not as actual purchasers, certainly under a contract of sale and purchase to take effect on a given day in the future, and with the distinct understanding of both parties that nothing was wanting to perfect the sale but the stipulated lapse of time. They ordered the goods as in case of purchase, paid the freight on the receipt of the goods without any pretence of claim upon any one for the same, and agreed to store the goods until the stipulated time elapsed, without charge to the plaintiffs.

Ultimate sale and purchase of the goods were intended by both parties, but there was a difference of opinion as to the price to be paid and received for the same, and to obviate that difficulty the plaintiffs agreed, if the duties were reduced on or before the time stipulated, that a corresponding reduction should be made in the price of the goods, and as the object in view would be defeated by operation of law if the sale was actually made before the reduction took place, it was agreed that the goods should remain, during that period, in the storehouses of the persons to whom they were sent, or until it was settled whether congress would or would not reduce the ·duties. Viewed in .the light of those circumstances, it might well be contended that the reservation was colorable, and that the property in the goods passed to the depositaries; but inasmuch as it is clear that the defendant must proceed upon the ground that the goods were removed for delivery to others than agents of the manufacturers, no decided opinion will be given on that point. Suppose the sale was not completed as between the parties. still the court is of the opinion that the goods were removed for consumption within the meaning of that provision. as it is clear that neither party contemplated that they would in any event be returned to the custody of the manufacturers. Nothing remained open but the price, and nothing was wanting to fix the price but the lapse of a given period of time. Attempt is made in argument to establish the proposition that storage was, in fact, paid by the plaintiffs for the two hundred and eighteen cases deposited with the firm doing business in the place where the boots were manufactured, but the evidence fails to satisfy the court that the goods were removed and stored with any such definite understanding between the parties. Orders for the goods were given in May, prior to the passage of the amendatory act. under "the same precautions as in the other cases." which is understood to mean that the sale

and purchase should not take effect until August 1, following the date of the transaction, and that a corresponding reduction in the price named by the sellers should be made, if the duties were reduced on or before that time. Confirmation of that view is derived from the testimony of the senior partner of the purchasing firm. He states, in substance and effect, that the plaintiffs preferred to name a definite price at that time, with the understanding that the proper deduction should be made if the duties were reduced, and he adds that they had a "difference" as to thirty cases, and that in the adjustment of that matter the plaintiffs took off $15.00 "to pay for storage," which is the sum expressed in the receipt exhibited in evidence. Allowed, as the sum was, as matter of compromise, the circumstance is not sufficient to take that portion of the tax out of the operation of the rule applied to the residue. Judgment for the defendant.